1   ROBERT A. NAEVE (BAR NO. 106095)
    RNaeve@mofo.com
2   STEVEN M. ZADRAVECZ (BAR NO. 185676)
    SZadravecz@mofo.com
3   MORRISON & FOERSTER LLP
    19900 MacArthur Boulevard, Suite 1200
4   Irvine, California 92612-2445
    Telephone: (949) 251-7500
5   Facsimile: (949) 251-0900

6
    LINDA E. SHOSTAK (BAR NO. 64599)
7   LShostak@mofo.com
    MARY A. HANSBURY (BAR NO. 191121)
8   MHansbury@mofo.com
    MORRISON & FOERSTER LLP
9   425 Market Street
    San Francisco, California 94105-2482
10  Telephone: 415.268.7000
    Facsimile: 415.268.7522
11
    Attorneys for Defendant
12  NOVARTIS PHARMACEUTICALS CORPORATION

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA        **MEJ**
15
                      SAN FRANCISCO DIVISION
16

17  BARBARA SAITO,                          Case No. _____

18                  Plaintiff,

19          v.                              **NOTICE OF REMOVAL OF CIVIL
                                            ACTION PURSUANT TO 28 U.S.C.
20  NOVARTIS PHARMACEUTICALS                §§ 1441 AND 1446**
    CORPORATION, DOES 1 TO 20, Inclusive and
21  each of them,                           [DIVERSITY JURISDICTION]

22                  Defendant.

23

24          TO PLAINTIFF BARBARA SAITO, HER ATTORNEYS OF RECORD, AND THE CLERK

25  OF THE ABOVE ENTITLED COURT:

26          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant

27  Novartis Pharmaceuticals Corporation ("Novartis") hereby removes the above-referenced action of

28

1   plaintiff Barbara Saito ("Plaintiff"), from the Superior Court of the State of California, County of San

2   Francisco, to the United States District Court for the Northern District of California, and in support of

3   removal states as follows:

4   JURISDICTION

5       1.    Pursuant to Northern District Local Rule 3-5(a), Novartis provides the following

6   summary of the basis for federal jurisdiction with respect to the above-referenced action.  As

7   discussed in further detail below, this Court has diversity jurisdiction over this action pursuant to

8   28 U.S.C. § 1332 because the parties involved in this case are citizens of different states, and the

9   amount in controversy exceeds $75,000, exclusive of interests and costs.  Accordingly, this case may

10  be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446(b).

11  PROCEDURAL HISTORY

12      2.    On August 22, 2007, Plaintiff filed a Complaint for damages in the Superior Court of

13  the State of California, County of San Francisco, entitled *Barbara Saito v. Novartis Pharmaceuticals*

14  *Corporation, Does 1 to 20 inclusive and each of them*, Case No. CGC07-466472 (the "Action").

15      3.    The Complaint alleges two causes of action arising out of Plaintiff's employment with

16  Novartis: (1) discrimination based on Plaintiff's sex; and (2) discrimination based on Plaintiff's age;

17  and (3) retaliation due to complaints about discrimination.  Novartis is the only defendant in this

18  action (other than the Doe defendants 1 through 10 named in the Complaint).  There are no other

19  defendants to join in the removal of this action.

20      4.    In accordance with the provisions of 28 U.S.C. § 1446(a), a copy of all process,

21  pleadings, and orders served upon Novartis as of this date, including Plaintiff's Complaint, is

22  attached hereto as Exhibit "A" and is incorporated herein by this reference.

23      5.    Novartis was served with Plaintiff's Summons and filed Complaint on August 23,

24  2007.  Novartis did not receive a copy of the Summons or filed Complaint through service or

25  otherwise at any time before August 23, 2007.  On September 21, 2007, Novartis filed its Answer to

26  Plaintiff's Complaint in the Action in the Superior Court of the State of California, County of San

27  Francisco.  A copy of Novartis's Answer is attached to this Notice as Exhibit "B."

28

oc-333285

1

TIMELINESS OF REMOVAL

2       6.      As further described in Paragraph 4 above, Novartis was served with Plaintiff's

3   Summons and filed Complaint on August 23, 2007. Novartis did not receive a copy of the Summons

4   or filed Complaint through service or otherwise at any time before August 23, 2007.

5       7.      Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it

6   has been filed within 30 days of Novartis's first receipt of Plaintiff's Summons and filed Complaint.

7

BASIS FOR REMOVAL JURISDICTION

8       8.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332

9   because the parties involved in this case are citizens of different states, and the amount in controversy

10  exceeds $75,000, exclusive of interests and costs. Accordingly, this case may be removed to this

11  Court under 28 U.S.C. §§ 1441(a) and 1446(b) for the reasons explained more fully below.

12      A.      Diversity of Citizenship.

13      9.      Plaintiff alleges in her Complaint that she is a citizen of California (Complaint ¶ 6),

14  and a resident of Walnut Creek, California (Complaint ¶ 9). Therefore, Novartis is informed and

15  believes, and based thereon alleges, that at the time the Action was filed, at the time the Action will

16  be removed, and at all other relevant times, Plaintiff was and is a citizen of, and domiciled in, the

17  State of California.

18      10.     Novartis is, and at all relevant times (including when this action was filed) was, a

19  corporation organized and existing under the laws of the State of Delaware, with its principal place of

20  business in the State of New Jersey. For these reasons, pursuant to 28 U.S.C. § 1332(c)(1), Novartis

21  is, and at all relevant times was, a citizen of the States of Delaware and New Jersey.

22      11.     Hence, complete diversity of citizenship exists because Plaintiff and Novartis are

23  citizens of different states.

24      B.      Amount in Controversy.

25      12.     The amount in controversy in this action exceeds the $75,000 minimum required by

26  28 U.S.C. § 1332(a) for the reasons explained below.

27      13.     In this action, Plaintiff asserts claims against Novartis under California's Fair

28  Employment and Housing Act ("FEHA") for discrimination based on sex and age, and retaliation for

NOTICE OF REMOVAL

oc-333285

1  opposing discriminatory practices.  In connection with her claims, Plaintiff specifies in her Complaint

2  that she is seeking $6 million in compensatory and punitive damages, as well as attorneys' fees and

3  costs, interest, and declaratory and injunctive relief (Complaint ¶¶ 81-82).

4         14.    Novartis does not concede that Plaintiff has been damaged in any amount, or at all,

5  that she will prevail on any of her claims, or that she is entitled to compensatory or punitive damages,

6  or any other relief.  However, given Plaintiff's allegations in the Complaint and specific request for

7  $6 million in recovery, the amount in controversy in this matter plainly exceeds the $75,000

8  jurisdictional minimum of this Court.

9         15.    For the reasons stated above, this Court has diversity jurisdiction pursuant to

10  28 U.S.C. §1332.  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441 and 1446.

11                       INTRADISTRICT ASSIGNMENT (L.R. 3-5(B))

12         16.    This action is currently pending in the Superior Court of the State of California, in and

13  for the County of San Francisco.  Plaintiff alleges in her Complaint that her case arises in San

14  Francisco county (Complaint ¶ 7), and filed her Complaint in the Superior Court of California,

15  County of San Francisco.  Accordingly, this case should be assigned to the San Francisco Division of

16  this Court pursuant to 28 U.S.C. § 1446(a) and Northern District Local Rule 3-2(c)-(d).

17                          REMOVAL IS PROPER

18         17.    No previous application has been made for the relief requested herein.

19         18.    Copies of all pleadings, process and orders on file in this matter in the state court

20  action have been attached to this Notice of Removal (see Exhibits "A" and "B," attached hereto).

21         19.    Counsel for Novartis certifies that pursuant to 28 U.S.C. § 1446(d), Novartis has this

22  date notified the Superior Court of the State of California for the County of Sacramento of the filing

23  of this Notice of Removal by filing a document entitled "Notice of Removal of Action to Federal

24  Court," a copy of which (without exhibits) is attached to this Notice as Exhibit "C."

25

26

27

28

NOTICE OF REMOVAL
oc-333285

1        20.    For the reasons stated above, this Court has original jurisdiction over this action

2    pursuant to 28 U.S.C. § 1332(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

3

4    Dated: September **21**, 2007.    ROBERT A. NAEVE
    LINDA E. SHOSTAK

5        STEVEN M. ZADRAVECZ
    MARY F. HANSBURY

6        MORRISON & FOERSTER LLP

7

8        By: _Robert A. Naeve / MFH_
        Robert A. Naeve

9        Attorneys for Defendant
    NOVARTIS PHARMACEUTICALS

10       CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

oc-333285

# Exhibit A



**CORPORATION SERVICE COMPANY**

DDZ / ALL
Transmittal Number: 5306138
Date Processed: 08/23/2007

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Dorothy L Watson<br>Novartis Pharmaceuticals Corp<br>59 Route 10<br>East Hanover, NJ 07936 |
| **Copy of transmittal only provided to:** | Carmela Yauch<br>Charna Gerstenhaber<br>James Maewsky<br>Steve Sokolow |

| | |
|---|---|
| **Entity:** | Novartis Pharmaceuticals Corporation<br>Entity ID Number 1700408 |
| **Entity Served:** | Novartis Pharmaceuticals Corporation |
| **Title of Action:** | Barbara Saito vs. Novartis Pharmaceuticals Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court:** | San Francisco Superior Court, California |
| **Case Number:** | CGC07-466472 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/23/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Thomas Marc Litton<br>415-421-4770 |

AUG 2007
RECEIVED
LEGAL

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

AUG-21-2007 16:20 From:                                To:8662056321                    P.4/20

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NOVARTIS PHARMACEUTICALS CORPORATION, DOES 1 to 20,
Inclusive and each of them.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA SAITO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso)*
CGC-07- 466472

Superior Court of the State of California, County of San Francisco
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas Marc Litton, Esq., Litton & Geonetta, LLP, 120 Montgomery Street, Ste. 1600
San Francisco, CA 94104, Tel. No. (415) 421-4200

**BY FAX**

DATE:
*(Fecha)* AUG 2 2 2007

GORDON PARK-LI     CHRISTINA E. BAUTISTA

Clerk, by _____, Deputy
*(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Novartis Pharmaceuticals Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

1  Thomas Marc Litton, CA Bar No. 119985
   LITTON & GEONETTA, LLP
2  120 Montgomery Street, Suite 1600
   San Francisco, CA 94104
3  Email: tmlitton@compuserve.com
   Telephone: (415) 421-4770
4  Facsimile: (415) 421-4784

5  David Sanford, DC Bar No. 457933
6  Angela Corridan, DC Bar No. 492978
   SANFORD WITTELS & HEISLER, LLP
7  1666 Connecticut Avenue, NW, Suite 310
   Washington, D.C. 20009
8  Email: dsanford@nydclaw.com
   Telephone: (202) 742-7780
9  Facsimile: (202) 742-7776

10 Grant Morris, DC Bar No. 926253
11 LAW OFFICES OF GRANT E. MORRIS
   1666 Connecticut Avenue, NW, Suite 310
12 Washington, D.C. 20009
   Email: grantemorris@gmail.com
13 Telephone: (202) 742-7783
   Facsimile: (202) 742-7776
14

15 *Attorneys for Plaintiff,*
   *Barbara Saito*
16

17

18

19         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF SAN FRANCISCO
20                    UNLIMITED JURISDICTION

21     BARBARA SAITO,                     )
                                          )
22     PLAINTIFF,                         )
                                          )
23         v.                             )       Case No. _____ CGC07-  466472
                                          )
24     NOVARTIS  PHARMACEUTICALS          )       COMPLAINT FOR DAMAGES
25     CORPORATION, DOES  1  to  20,      )       JURY TRIAL DEMANDED
       Inclusive and each of them,        )
26                                        )
                                          )
27     DEFENDANT.                         )            BY FAX

28

ENDORSED
F I L E D
San Francisco County Superior Court
AUG 2 2 2007
GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN 2 5 2008 - 9:00 AM

DEPARTMENT 212

1.      Plaintiff Barbara Saito (hereinafter "Ms. Saito"), brings this action by and through undersigned counsel, against Defendant Novartis Pharmaceutical Corporation, (hereinafter "Novartis" or "Defendant"). Ms. Saito brings this action pursuant to California Government Code § 12940 (a) and (h) (2006), to redress the sex discrimination, age discrimination, and retaliation she experienced as an employee of Novartis.

## I.      NATURE OF THIS ACTION

2.      Novartis subjected Ms. Saito to sex discrimination, age discrimination, and retaliation in the workplace.

3.      Ms. Saito was injured, personally and financially, by Novartis's discriminatory and retaliatory practices.  At a minimum, she suffered on the basis of the following factors: (1) Novartis's sex and age discrimination practices and policies denied her promotions and training opportunities within Novartis; and (2) Novartis retaliated against her for filing a formal complaint by denying her promotions within Novartis.

4.      During the eight years Ms. Saito worked for Novartis, she was repeatedly denied promotions and training opportunities because of her sex and age.  The promotions and training opportunities denied to her were awarded to employees, mostly male, with less tenure and/or less education than Ms. Saito.  Novartis never fully explained to Ms. Saito why she was not selected for promotions or training opportunities.   Also, Novartis managers treated Ms. Saito in a harassing, offensive and hostile manner in the workplace.   In response to Novartis's discriminatory practices, Ms. Saito filed a complaint of discrimination against Novartis with the California Department of Fair Employment and Housing.  In response to her complaint, Novartis retaliated against Ms. Saito by denying her promotions and subjecting her to hostile treatment and discriminatory discipline measures.  Ms. Saito was compelled to retire from Novartis to avoid further discrimination and retaliation.  Ms. Saito brings this action against the Defendant in light of its unjust practices and policies based on the alleged facts herein.

2

5.     Ms. Saito has no plain, adequate, or complete remedy at law to redress the rampant and pervasive wrongs alleged herein, and this suit is her only means of securing adequate relief.   Ms. Saito suffered irreparable injury from Novartis's unlawful policies, practices and/or procedures as set forth herein.

## II.    JURISDICTION & VENUE

6.     This Court has jurisdiction pursuant to Cal. Gov. Code § 12940 (a) and (h) to redress and enjoin employment practices of Novartis in violation of this statute. Ms. Saito is a citizen of California, Defendant violated California law, and the conduct subject to this complaint arose in California.

7.     Venue is proper in this Court pursuant to § 395.5 of California Code of Civil Procedure because Ms. Saito, as a Business Relations Manager and Account Manager at Novartis, regularly visited physicians' offices and healthcare facilities located in the county of San Francisco.

## III.   PROCEDURAL HISTORY

8.     Ms. Saito timely filed a Charge of Discrimination based on race with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") on approximately July 28, 2005.  On or about July 24, 2006, the DFEH closed its case on Ms. Saito's Charge.  On or about August 24, 2006, Ms. Saito timely filed a Charge of Discrimination based on sex, age, and retaliation with the EEOC and DFEH.  On or about August 24, 2006, the DFEH issued Ms. Saito a "Notice of Right to Sue" ("Right to Sue"), providing that Ms. Saito may bring a civil action against Novartis in a State of California Superior or Justice Court within one year from the date of the Right to Sue, August 24, 2006.

## IV.    PARTIES

## A.     PLAINTIFF

9.      **Plaintiff Barbara Saito** is a fifty-seven (57) year old resident of Walnut Creek, California. She holds two advanced degrees: a doctorate of pharmacy (Pharm.D.) and a master's degree in business administration (MBA). In April 1998, Novartis hired Ms. Saito as a Business Relations Manager in the Oncology Division. After a re-organization in 2001, Ms. Saito's title changed to Regional Business Relations Manager. After another re-organization in July 2004, her title changed to Regional Account Manager. Ms. Saito was constructively terminated from this position on June 2, 2006.

B.      **DEFENDANT**

10.     **Defendant Novartis Pharmaceuticals Corporation** is a division of Novartis Corporation specializing in the discovery, development, manufacture and marketing of prescription medicine. Novartis Pharmaceuticals Corporation is incorporated in Delaware and has office buildings in California. Novartis Pharmaceuticals Corporation has Registered Agents in thirty-two (32) states, including California.

11.     Plaintiff sues fictitious defendants DOES 1 to 20, inclusive and each of them, pursuant to California Code of Civil Procedure § 474, because their names and/or capacities and/or facts showing them liable are not know presently. Plaintiff will seek amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE was, in some manner, negligent, or defamed Plaintiff as alleged below and/or was responsible for the occurrences and damages alleged herein.

12.     At all times herein mentioned, each defendant named, including DOES 1 to 20, inclusive and each of them, was the agent and employee of each and every other defendant and in doing the things alleged herein was acting within the course and scope of such agency and employment, and in doing the acts herein alleged was acting with the consent, permission,

4

authorization or ratification of each of the remaining defendants. All actions of each defendant herein alleged were ratified and approved by the officers or managing agents of each of the defendants.

## V.    ALLEGATIONS OF PLAINTIFF

13.    In early 2001, Novartis reorganized the Business Relations Department, the department Ms. Saito had worked in for three years.  This reorganization created two new positions   a Regional Business Relations Manager position and National Business Relations Manager position. Neither position was posted with a job description.

14.    Ms. Saito applied for the position of National Business Relations Manager.  She had worked at Novartis since 1998, had been one of the five original Business Relations managers, had gained significant experience in the field, and held two advanced degrees.

15.    Despite Ms. Saito's qualifications and experience, Novartis hired a male Business Relations  Manager with no advanced degrees who began working in the department approximately two years after Ms. Saito.

16.    In April 2001, Ms. Saito applied for a Regional Scientific Director in the Oncology Division. The position required experience in reviewing drugs, which Ms. Saito had gained as a pharmacy director at several managed care plans. The position also required experience in presenting clinical data. Ms. Saito had often presented clinical data because of her clinical training, even though such presentations fell outside the scope of her responsibilities as Business Relations Manager.  Furthermore, Novartis had hired several of her colleagues from Managed Care to serve as Regional Scientific Directors in other divisions.

17.    Despite Ms. Saito's qualifications and experience, Novartis chose a male external candidate, Blake Morrison, for the Regional Scientific Director position.  Mr. Morrison left the position after one year.

18.    In July 2004, Novartis again reorganized the Business Relations Manager

5

positions. During the reorganization, the title of Regional Business Relations Manager changed to Regional Account Manager, and the title of National Business Relations Manager changed to Associate Director of Corporate Accounts. The Associate Director of Corporate Accounts position stated a preference for an advanced degree in pharmacy and experience in national accounts.

19.     Ms. Saito, who possessed both of the preferred qualifications, applied for one of two available Associate Director of Corporate Accounts positions in July 2004.   Upon information and belief, she was the only candidate with an advanced degree and significant experience in national accounts.  Furthermore, two existing Associate Directors of Corporate Accounts, Aija Potapous and Frank Knight, recommended her for the position.

20.     Later in July 2004, Ms. Potapous and Mr. Knight relayed to Ms. Saito that when they recommended her to Hiring Manager Ken Olsen, Mr. Olsen stated that Novartis wanted "younger blood."

21.     On or about July 20, 2004, Mr. Olsen informed Ms. Saito that Novartis rejected her application and instead chose to hire two other former Regional Business Relations Managers – Mike Mignona and Sheila Battacharya – for the Associate Director of Corporate Accounts positions. While male candidate Mike Mignona is close in age to Ms. Saito, female candidate Sheila Battacharya is approximately 22 years younger than Ms. Saito.

22.     When Ms. Saito asked Mr. Olsen why she was not selected, he refused to offer an explanation. He said he needed to "think about" what he said and would get back to her in one week.

23.     Approximately three weeks later, Ms. Saito had yet to hear from Mr. Olsen, so she sent him a follow-up email and left a voicemail message. Mr. Olsen returned her call and explained that she was not selected because she did not appear to have as much "drive" as the other candidates and she showed too much concern for the client's interests.

6

24.    Ms. Saito asked that Mr. Olsen provide evidence to substantiate these claims. Mr. Olsen refused.

25.    During her mid-year performance evaluation in September 2004, Ms. Saito's manager, Dave Lobenberg, a white male, criticized Ms. Saito for over an hour despite never working with her in the field.

26.    Mr. Lobenberg blamed Ms. Saito for various problems that were beyond the scope of her authority, including not "controlling" the sales representatives in her territory, over whom Ms. Saito had neither explicit nor implicit authority, and not creating a fax announcement that was a coworker's responsibility.

27.    Also during her mid-year performance evaluation in September 2004, Mr. Lobenberg told Ms. Saito that she would never be promoted. Mr. Lobenberg refused, however, to offer Ms. Saito any reason why she would not be promoted.

28.    In February 2005, Ms. Saito applied for a lateral transfer to another Business Relations Manager position in a different division. She sought the transfer in hopes that the division change would foster career advancement. The lateral position involved working with zoledronic acid, a compound she had worked with since 2001.

29.    Ms. Saito had a phone interview with Hiring Manager Sharon Larrison for the transfer position. Ms. Larrison said she would contact Ms. Saito with her hiring decision. Ms. Larrison never contacted Ms. Saito.

30.    In January 2006, Ms. Saito discovered that the lateral position for which she had interviewed in February 2005 was given to a male, William Fenton.

31.    Although Ms. Saito was the senior person in her department, she was never offered management training. In addition, high profile sales projects, such as specialty pharmacy and Medicare off-label coverage programs, were offered to less-experienced male employees rather than Ms. Saito. Ms. Saito also did not receive recognition for projects she led, such as a

7

replacement drug program that she initiated.

32.    In response to the ongoing disparate treatment, Ms. Saito filed a Charge of Discrimination with the California Department of Fair Employment and Housing in July of 2005.

33.    After Ms. Saito filed her Charge, her Department Head, Paul Pochtar, actively blocked her efforts to move within and up the ranks at Novartis.

34.    In December 2005, Ms. Saito applied for a National Accounts Scientific Director position. Ms. Saito was highly recommended for the position by the Western Region National Accounts Scientific Director, Michele Wilson Royalty.

35.    Ms. Saito interviewed with Hiring Manager Cathy Celestin for the National Accounts Scientific Director position. When Ms. Royalty followed up with Ms. Celestin about Ms. Saito's candidacy, Ms. Celestin told Ms. Royalty that someone in Ms. Saito's department had claimed that Ms. Saito was "depressed" and being "treated for depression."

36.    Ms. Royalty communicated this allegation to Ms. Saito, at which point Ms. Saito reported the allegation to Samantha Fentress in Human Resources. Ms. Fentress spoke with Ms. Celestin and later reported to Ms. Saito that there had been a misunderstanding. Ms. Fentress explained that Ms. Saito was not selected for the position because she lacked research experience.

37.    After Ms. Saito's conversation with Ms. Fentress, Ms. Celestin confronted Ms. Royalty and admonished her for disclosing information to Ms. Saito that was discussed in a "confidential conversation."

38.    Ms. Celestin called Ms. Saito the following day to explain that she was denied the promotion because she lacked research experience. When Ms. Saito asked Ms. Celestin if someone in her department had told her that she suffered from depression, Ms. Celestin was evasive and would not respond directly. She finally said, "I did not speak to Dave Lobenberg." When Ms. Saito asked if Ms. Celestin had spoken with Mr. Pochtar, Ms. Celestin refused to

8

answer.

39.    Upon information and belief, the National Accounts Scientific Director position was offered to a male with less experience than Ms. Saito.

40.    After Ms. Saito filed her Charge, Mr. Lobenberg subjected her to excessively harsh criticism and threatened her with unwarranted disciplinary actions.

41.    On approximately December 14, 2005, Mr. Lobenberg asked Ms. Saito to meet him in Los Angeles. At the beginning of the meeting, Mr. Lobenberg criticized Ms. Saito for a "lack of leadership" with respect to two sales managers, Carol Vuceta and Michael Comeaux.

42.    This criticism was unwarranted given that Ms. Vuceta was not in Ms. Saito's territory and Mr. Comeaux managed only one of the sales representatives with whom Ms. Saito worked. Mr. Lobenberg offered no specific examples to corroborate his allegations.

43.    During the meeting, Mr. Lobenberg did not provide input from the two sales managers with whom Ms. Saito worked with directly and regularly, Larry Schwarzenbach and Hiran Kim.

44.    Mr. Lobenberg then launched into an unwarranted and excessively harsh series of criticisms, accusing Ms. Saito of gloating after she identified an overlooked problem during a conference call, and admonishing Ms. Saito for what he believed she was "thinking" at a past meeting.

45.    Given the intensity of Mr. Lobenberg's negative and critical behavior, Ms. Saito requested that he write down his criticisms so that she could respond to them in a rational way. Mr. Lobenberg refused.

46.    On February 23, 2006, Mr. Lobenberg and Ms. Saito met at the Marriott Hotel in San Francisco to discuss Ms. Saito's 2005 performance evaluation.

47.    Mr. Lobenberg gave Ms. Saito a rating of "2-2 strong performer" on the evaluation.

9

48.    A "2-2" rating is standard for employees in Ms. Saito's department.  However, Mr. Lobenberg told Ms. Saito she would be placed on a Performance Improvement Plan ("PIP") in May if she did not improve.  At Novartis, a PIP is often a preliminary step to termination.

49.    Ms. Saito told Mr. Lobenberg that she wanted to immediately address his concerns.  She asked him for objective performance measures to track her improvement.  Mr. Lobenberg refused to offer any guidelines or objectives.  He told her to create her own.

50.    Ms. Saito proactively sought extra assignments and took an initiative to avoid being placed on a PIP.  Ms. Saito suggested ways to improve training, such as better utilization of the online iLearn training modules, and she prepared a presentation about her suggestions.

51.    In addition, while each person in Ms. Saito's department was required to complete ten reimbursement programs over the course of each calendar year, Ms. Saito had completed seven of ten reimbursement programs by May 2006.

52.    In April 2006, Mark Evans, Ms. Saito's new manager, asked to meet with her and suggested that, despite her efforts, she would be placed on a PIP.

53.    On April 28, 2006, Ms. Saito announced her intention to retire from Novartis in an effort to avoid further discriminatory disciplinary measures that would damage her professional record.

54.    On June 2, 2006, Ms. Saito retired from Novartis.

55.    As a result of Defendant's discrimination and retaliation, Ms. Saito has suffered irreparable harm.

## COUNT I
## VIOLATIONS OF CAL. GOV. CODE § 12940 (a)
## SEX DISCRIMINATION

56.    Ms. Saito re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as though fully set forth herein. Novartis discriminated against Ms. Saito by treating her differently from and less preferably than similarly situated male

employees, by denying her promotions and training opportunities and subjecting her to discriminatory disciplinary procedures, harassment, and retaliation.

57.    Novartis discriminated against Ms. Saito in violation of Cal. Gov. Code § 12940 (a) by subjecting her to different treatment on the basis of her sex. Ms. Saito suffered both disparate impact and disparate treatment as a result of Novartis's wrongful conduct.

58.    Because of her gender, Novartis also denied or withheld from Ms. Saito promotion or training opportunities leading to advancement, in violation of California Government Code § 12940.

59.    Novartis further discriminated against Ms. Saito in her pursuit of such promotion and training opportunities in the terms, conditions or privileges of such opportunities because of her gender, in violation of California Government Code § 12940.

60.    As a direct and proximate result of Novartis's aforementioned wrongful conduct, Ms. Saito was damaged and has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

61.    Novartis's conduct was intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ms. Saito.

62.    In the employment practices described above, Novartis intentionally engaged in discriminatory practices with malice or with reckless indifference to the protected rights of Ms. Saito, entitling Ms. Saito to punitive damages.

63.    Novartis failed to take all reasonable steps necessary to prevent discrimination from occurring, which constitutes a continuing violation of Cal. Gov. Code § 12940.

64.    By reason of the gender discrimination suffered at Novartis, Ms. Saito is entitled to all legal and equitable remedies available under Cal. Gov. Code § 12940 (a).

**COUNT II**

11

## VIOLATIONS OF CAL. GOV. CODE § 12940 (a)
## AGE DISCRIMINATION

65.    Ms. Saito re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as though fully set forth herein.

66.    Novartis discriminated against Ms. Saito in violation of Cal. Gov. Code § 12940 (a) by subjecting her to different treatment on the basis of her age. Ms. Saito suffered both disparate impact and disparate treatment as a result of Novartis's wrongful conduct.

67.    Because of her age, Novartis also denied or withheld from Ms. Saito promotion or training opportunities leading to advancement, in violation of California Government Code § 12940.

68.    Novartis further discriminated against Ms. Saito in her pursuit of such promotion and training opportunities in the terms, conditions or privileges of such opportunities because of her age, in violation of California Government Code § 12940.

69.    As a direct and proximate result of Novartis's aforementioned wrongful conduct, Ms. Saito was damaged and has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

70.    Novartis's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ms. Saito.

71.    In the employment practices described above, Novartis intentionally engaged in discriminatory practices with malice or with reckless indifference to the protected rights of Ms. Saito, entitling Ms. Saito to punitive damages.

72.    Novartis failed to take all reasonable steps necessary to prevent discrimination from occurring, which constitutes a continuing violation of Cal. Gov. Code § 12940.

73.    By reason of the gender discrimination suffered at Novartis, Ms. Saito is entitled

to all legal and equitable remedies available under Cal. Gov. Code § 12940 (a).

## COUNT III
## VIOLATIONS OF CAL. GOV. CODE § 12940 (h)
## RETALIATION

74.    Ms. Saito re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as though fully set forth herein.

75.    Novartis retaliated against Ms. Saito because she insisted upon a work environment free of discrimination and also because she complained about discrimination.

76.    Novartis retaliated against Ms. Saito by subjecting her to adverse employment actions, including but not limited to, denying her promotions for which she was qualified, subjecting her to harassment, disparate terms and conditions of employment, and/or other forms of discrimination in violation of Cal. Gov. Code § 12940 (h).

77.    Novartis's actions were intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of causing harm to Ms. Saito.

78.    As a direct and proximate result of Novartis's aforementioned conduct, Ms. Saito was damaged and has suffered and continues to suffer economic losses, mental and emotional harm, anguish and humiliation.

79.    By reason of the retaliation suffered at Novartis's, Ms. Saito is entitled to all legal and equitable remedies available under Cal. Gov. Code § 12940 (h).

## VI.    PRAYER FOR RELIEF

80.    Ms. Saito has sustained emotional distress and economic damages as a result of Novartis's unlawful acts and omissions, and therefore, brings this action to recover all available monetary damages allowed by law, in addition to injunctive and declaratory relief, and punitive damages.

81.    The relief Ms. Saito seeks includes: (1) programs that remedy the discriminatory work environment at Novartis; (2) attorneys' fees, costs, and expenses to redress

Novartis's discriminatory policies, practices, and procedures; and (3) six million dollars in compensatory and punitive damages.

82.     Wherefore, Ms. Saito requests the following relief:

a.     Acceptance of jurisdiction of this cause;

b.     A declaratory judgment that Defendant Novartis's employment practices challenged herein are illegal and in violation of Cal. Gov. Code § 12940 (a) and (h);

c.     A temporary and permanent injunction against Defendant Novartis and its partners, officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, and usages by Defendant Novartis set forth herein;

d.     An Order requiring Defendant Novartis to initiate and implement programs that (i) remedy the discrimination at Novartis; (ii) ensure prompt, remedial action regarding all claims of sexual discrimination; and (iii) eliminate the continuing effects of the discriminatory and retaliatory practices described above;

c.     Nominal damages;

f.     Compensatory damages, in an amount not less than $1 million;

g.     Punitive damages, in an amount not less than $5 million;

h.     An award of litigation costs and expenses, including reasonable attorney's fees to Ms. Saito;

i.     Prejudgment and postjudgment interest; and

j.     Such other and further relief as the Court may deem just and proper.

## VII.    DEMAND FOR JURY

113.     Ms. Saito demands a trial by jury of all issues.

14

Respectfully submitted this 22nd day of August 2007.

Thomas Marc Litton, CA Bar No. 119985
LITTON & GEONETTA, LLP
120 Montgomery Street
Suite 1600
San Francisco, CA 94104
Telephone: (415) 421-4770
Facsimile: (415) 421-4784

David Sanford, D.C. Bar No. 457933
Angela Corridan, D.C. Bar No. 492978
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff,*
*BARBARA SAITO*

15

AUG-21-2007 16:20 From:                                    To:8662056321                P.2/20

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Thomas Marc Litton, Esq. (Cal. Bar No. 139985)<br>Litton & Geonetta, LLP<br>120 Montgomery St., Ste. 1600<br>San Francisco, CA 94104<br>TELEPHONE NO. (415) 421-4770    FAX NO. (415) 421-4784<br>ATTORNEY FOR (Name): Barbara Saito | **FOR COURT USE ONLY**<br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>AUG 2 2 2007<br><br>GORDON PARK-LI, Clerk<br>BY: CRISTINA E. BAUTISTA<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS 400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE San Francisco, CA 94102-4514
BRANCH NAME San Francisco County Civic Center Courthouse

**CASE NAME:**
Barbara Saito v. Novartis Pharmaceuticals Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-07 465472<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case.

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |      condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 21, 2007
Thomas Marc Litton, Esq.
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# Exhibit B

1   ROBERT A. NAEVE (BAR NO. 106095)
    RNaeve@mofo.com
2   STEVEN M. ZADRAVECZ (BAR NO. 185676)
    SZadravecz@mofo.com
3   MORRISON & FOERSTER LLP
    19900 MacArthur Boulevard, Suite 1200
4   Irvine, California  92612-2445
    Telephone:  (949) 251-7500
5   Facsimile:   (949) 251-0900

6
    LINDA E. SHOSTAK (BAR NO. 64599)
7   LShostak@mofo.com
    MARY A. HANSBURY (BAR NO. 191121)
8   MHansbury@mofo.com
    MORRISON & FOERSTER LLP
9   425 Market Street
    San Francisco, California  94105-2482
10  Telephone:   415.268.7000
    Facsimile:   415.268.7522

11
    Attorneys for Defendant
12  NOVARTIS PHARMACEUTICALS CORPORATION

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR THE COUNTY OF SAN FRANCISCO

15

16  BARBARA SAITO,                          Case No. CGC07-466472

17                 Plaintiff,               **DEFENDANT NOVARTIS
                                            PHARMACEUTICALS
18          v.                              CORPORATION'S ANSWER TO
                                            PLAINTIFF'S COMPLAINT FOR
19  NOVARTIS PHARMACEUTICALS                DAMAGES**
    CORPORATION, DOES 1 through 20,
20  Inclusive and each of them,

21                 Defendants.              Action Filed:    August 22, 2007
                                            Trial Date:      None
22

23

24

25

26

27

28

                                1

oc-333283

ENDORSED
FILED
San Francisco County Superior Court

SEP 2 1 2007

GORDON PARK-LI, Clerk
BY
                    Deputy Clerk

CALENDARED
MORRISON & FOERSTER LLP

SEP 2 1 2007

FOR DATE(S)
BY          RLJ

Defendant Novartis Pharmaceuticals Corporation ("Novartis"), hereby answers the Complaint of Plaintiff Barbara Saito ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Novartis generally denies each and every allegation in the Complaint in this action. Novartis further denies that Plaintiff is entitled to any relief based upon the Complaint or otherwise, or that Plaintiff has been damaged or injured in any amount, or in any manner whatsoever.

### AFFIRMATIVE DEFENSES

For its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any of these defenses, Novartis alleges as follows:

#### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

Plaintiff's Complaint and each purported cause of action set forth therein fail to allege facts sufficient to constitute a cause of action.

#### SECOND AFFIRMATIVE DEFENSE

(Exhaustion Of Administrative Remedies)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred to the extent that plaintiff has not obtained a right to sue letter from the California Department of Fair Employment and Housing, or has not otherwise fully exhausted available administrative remedies.

#### THIRD AFFIRMATIVE DEFENSE

(Reasonable, Nondiscriminatory Reasons)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred because Novartis at all times acted in good faith and was motivated by legitimate, non-discriminatory reasons.

2

oc-333283

1    FOURTH AFFIRMATIVE DEFENSE

2    (Performance Of Duties)

3    Novartis fully performed any and all contractual, statutory and other duties it owed to

4    Plaintiff under applicable law. Therefore, Plaintiff's Complaint, and each purported cause of

5    action set forth therein, is barred.

6    FIFTH AFFIRMATIVE DEFENSE

7    (Labor Code §§ 2854, 2858, 2859, and 2865)

8    Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by

9    California Labor Code Sections 2854, 2858, 2859, and 2865 to the extent that Plaintiff failed to

10   use ordinary care and diligence or failed to exercise a reasonable degree of skill in performing the

11   terms and conditions of her employment.

12   SIXTH AFFIRMATIVE DEFENSE

13   (Labor Code § 2856)

14   Plaintiff's Complaint, and each purported cause of action set forth therein, is barred to the

15   extent that Plaintiff failed to comply substantially with all of the directions concerning her

16   employment as required by California Labor Code Section 2856.

17   SEVENTH AFFIRMATIVE DEFENSE

18   (Labor Code § 2857)

19   Plaintiff's Complaint, and each purported cause of action set forth therein, are barred to

20   the extent that Plaintiff failed to perform the terms and conditions of her employment in

21   conformity with either the usage of the place of performance or the direction of her supervisors as

22   required by California Labor Code Section 2857.

23   EIGHTH AFFIRMATIVE DEFENSE

24   (Causation)

25   To the extent that Plaintiff has suffered damages as alleged in his Complaint, such damages

26   were not caused by Novartis, but by the acts and omissions of Plaintiff and others, for whose

27   conduct Novartis is not responsible.

28

3

oc-333283

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NINTH AFFIRMATIVE DEFENSE

(Mitigation Of Damages)

Plaintiff has a duty to mitigate her damages.  Novartis is informed and believes, and thereon alleges, that Plaintiff has not done so to the extent required by law.  Therefore, Plaintiff's Complaint, and each purported cause of action set forth therein, is either barred, or any damages awarded thereunder should be reduced, to the extent Plaintiff failed to mitigate her damages.

### TENTH AFFIRMATIVE DEFENSE

(No Basis For Punitive Damages)

All of Novartis's actions with regard to Plaintiff were conducted in good faith and without fraud, oppression, or malice toward Plaintiff and her rights, thereby precluding any and all claims for special, exemplary, or punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Unconstitutionality Of Punitive Damages)

Novartis does not admit that Plaintiff is entitled to recover punitive damages in this action.  However, any award of punitive damages against Novartis in this action would be barred by the due process and equal protection provisions of the United States and California Constitutions.

### TWELFTH AFFIRMATIVE DEFENSE

(Bad Faith)

Plaintiff's Complaint, and each purported cause of action set forth therein, has always been, and continue to be, frivolous, unreasonable, in bad faith, and groundless.  Plaintiff brought this action in bad faith and is therefore barred from any recovery in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Scope Of Charge)

Plaintiff's alleged causes of action are barred to the extent that they are predicated upon events, incidents, acts, or omissions that were not within the scope of any administrative charge of discrimination Plaintiff may have filed with the California Department of Fair Employment and Housing or the EEOC.

4

oc-333283

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

(Statutes Of Limitations)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by all applicable statutes of limitations, including, but not limited to, the limitation periods contained in California Government Code Sections 12960 and 12965.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Damages)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred because Plaintiff has not suffered any damages as a result of any actions taken by Novartis.

5

oc-333283

1

NINETEENTH AFFIRMATIVE DEFENSE

2

(Consent)

3  Plaintiff's Complaint, and each purported cause of action set forth therein, is barred to the

4  extent that Plaintiff consented to the actions or the conduct of Novartis, which is now the subject

5  of Plaintiff's Complaint.

6

TWENTIETH AFFIRMATIVE DEFENSE

7

(After-Acquired Evidence)

8  Plaintiff's Complaint, and Plaintiff's right to recover damages, is barred to the extent that

9  Novartis discovers any evidence after Plaintiff's employment ended that, had Novartis known

10  about said evidence, would have resulted in the termination of Plaintiff's employment.

11

TWENTY-FIRST AFFIRMATIVE DEFENSE

12

(Privilege And Justification)

13  Plaintiff's Complaint, and each purported cause of action set forth therein, is barred

14  because the conduct about which Plaintiff complains was privileged and / or justified.

15

TWENTY-SECOND AFFIRMATIVE DEFENSE

16

(Course And Scope Of Employment)

17  Novartis denies that Plaintiff is the victim of discrimination or retaliation. However, in

18  the event that a trier of fact concludes that an agent or employee of Novartis engaged in unlawful

19  acts of discrimination or retaliation in this action, Plaintiff's recovery against Novartis is

20  nonetheless barred to the extent that such agents or employees acted outside the course and scope

21  of their employment.

22

23

24

25

26

27

28

6

oc-333283

1

<u>PRAYER FOR RELIEF</u>

2     WHEREFORE, Novartis prays:

3         1.     That Plaintiff take nothing from Novartis;

4         2.     That the Court enter judgment dismissing with prejudice the Complaint and each

5  of its purported causes of action;

6         3.     That the Court award Novartis its reasonable expenses and costs of suit, including,

7  but not limited to, reasonable attorneys' fees; and

8         4.     That the Court grant Novartis such other further relief as the Court may deem

9  proper.

10

11  Dated:  September 21, 2007.                ROBERT A. NAEVE
                                              LINDA E. SHOSTAK
12                                            STEVEN M. ZADRAVECZ
                                              MARY HANSBURY
13                                            MORRISON & FOERSTER LLP

14

15                                   By:    _Robert A. Naeve /MFH_
16                                               Robert A. Naeve

                                     Attorneys for Defendant
17                                   NOVARTIS PHARMACEUTICALS
                                     CORPORATION

18

19

20

21

22

23

24

25

26

27

28

7

oc-333283

1

## PROOF OF SERVICE BY OVERNIGHT DELIVERY
(Code Civ. Proc. secs. 1013(c), 2015.5)

2

3    I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California 94105-2482; I am not a party to the within cause;
I am over the age of eighteen years; and I am readily familiar with Morrison & Foerster's practice

4    for collection and processing of correspondence for overnight delivery and know that in the
ordinary course of Morrison & Foerster's business practice the document described below will be

5    deposited in a box or other facility regularly maintained by UPS or delivered to an authorized
courier or driver authorized by UPS to receive documents on the same date that it is placed at

6    Morrison & Foerster for collection.

7    I further declare that on the date hereof I served a copy of:

8    **DEFENDANT NOVARTIS PHARMACEUTICALS
CORPORATION'S ANSWER TO PLAINTIFF'S**

9    **COMPLAINT FOR DAMAGES**

10   on the following by placing a true copy thereof enclosed in a sealed envelope with delivery fees
provided for, addressed as follows for collection by UPS at Morrison & Foerster LLP, 425 Market

11   Street, San Francisco, California 94105-2482, in accordance with Morrison & Foerster's ordinary
business practice.

12

## SEE ATTACHED SERVICE LIST

13

14   I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

15   Executed at San Francisco, California, this 21st day of September, 2007.

16

17

18

19   _____          _____
         Mia R. Gimenez                              (signature)
            (typed)

20

21

22

23

24

25

26

27

28

oc-333374

1

## SERVICE LIST

2

3      Thomas Marc Litton
       Litton & Geonetta, LLP
4      120 Montgomery Street, Suite 1600
       San Francisco, CA 94104
5
6      Phone: (415) 421-4770
       Fax: (415) 421-4784
7      Email: tmlitton@compuserve.com

8      *Attorney for Plaintiff*
       BARBARA SAITO
9      David Sanford
       Angela Corridan
10     Sanford Wittels & Heisler LLP
       1666 Connecticut Ave., NW, Suite
11     310
       Washington, D.C. 20009
12
13     Phone: (202) 742-7780
       Fax: (202) 742-7776
14     Email: dsanford@nydclaw.com

15     *Attorneys for Plaintiff*
       BARBARA SAITO
16     Grant Morris
       Law Offices of Grant e. Morris
17     1666 Connecticut Ave., NW, Suite
       310
18     Washington, D.C. 20009
19
       Phone: (202) 742-7783
20     Fax: (202) 742-7776
       Email: grantemorris@gmail.com
21
22     *Attorney for Plaintiff*
       BARBARA SAITO
23
24
25
26
27
28

oc-333374

# Exhibit C

1  ROBERT A. NAEVE (BAR NO. 106095)
   RNaeve@mofo.com
2  STEVEN M. ZADRAVECZ (BAR NO. 185676)
   SZadravecz@mofo.com
3  MORRISON & FOERSTER LLP
   19900 MacArthur Boulevard, Suite 1200
4  Irvine, California 92612-2445
   Telephone: (949) 251-7500
5  Facsimile: (949) 251-0900

6
   LINDA E. SHOSTAK (BAR NO. 64599)
7  LShostak@mofo.com
   MARY A. HANSBURY (BAR NO. 191121)
8  MHansbury@mofo.com
   MORRISON & FOERSTER LLP
9  425 Market Street
   San Francisco, California 94105-2482
10 Telephone:  415.268.7000
   Facsimile:  415.268.7522

11
   Attorneys for Defendant
12 NOVARTIS PHARMACEUTICALS CORPORATION

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                IN AND FOR THE COUNTY OF SAN FRANCISCO

15

16 BARBARA SAITO,                        Case No. CGC07-466472

17                Plaintiff,             **NOTICE OF REMOVAL OF ACTION
                                         TO FEDERAL COURT**
18        v.

19 NOVARTIS PHARMACEUTICALS
   CORPORATION, DOES 1 through 20,       Action Filed:      August 22, 2007
20 Inclusive and each of them,           Trial Date:        None

21                Defendants.

22

23        TO PLAINTIFF BARBARA SAITO, HER ATTORNEY OF RECORD, AND TO THE

24 CLERK OF THE ABOVE-ENTITLED COURT:

25        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1146(d), on

26 September 21, 2007, defendant Novartis Pharmaceuticals Corporation filed a Notice of Removal

27 of the above-entitled action from the Superior Court of the State of California, County of San

28

                                         1

1    Francisco, together with copies of all the papers served in the underlying action, in the Office of

2    the Clerk of the United States District Court for the Northern District of California.  A true copy

3    of the Notice of Removal is attached hereto as Exhibit A.

4           PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of the

5    attached notice, together with the filing of this Notice with this Court, effect the removal of this

6    action, and this Court may not proceed further with this case unless and until it is remanded.

7    Dated: September 21, 2007.          ROBERT A. NAEVE

8                                LINDA E. SHOSTAK
                                 STEVEN M. ZADRAVECZ
                                 MARY F. HANSBURY

9                                MORRISON & FOERSTER LLP

10

11                               By: _____

12                                    Robert A. Naeve

13                               Attorneys for Defendant
                                 NOVARTIS PHARMACEUTICALS
                                 CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

oc-333284