1

2  LINDA E. SHOSTAK (BAR NO. 64599)
   LShostak@mofo.com
3  MARY A. HANSBURY (BAR NO. 191121)
   MHansbury@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  415.268.7000
6  Facsimile:   415.268.7522

7  Attorneys for Defendant
   NOVARTIS PHARMACEUTICALS CORPORATION

8

9  THOMAS MARC LITTON (BAR NO. 119985)
   tmlitton@compuserve.com
10 LITTON & GEONETTA, LLP
   120 Montgomery Street, Suite 1600
11 San Francisco, CA  94104
   Telephone:  415.421.4770
12 Facsimile: 415.421.4784

13 [*see additional counsel on following page*]

14 Attorneys for Plaintiff
   BARBARA SAITO

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19

20 BARBARA SAITO,                          Case No.    07 CV 04916 MMC

21              Plaintiff,
                                           **JOINT CASE MANAGEMENT**
22      v.                                 **CONFERENCE STATEMENT**

23 NOVARTIS PHARMACEUTICALS
   CORPORATION, DOES 1 TO 20, Inclusive and   Date Action Filed:  August 22, 2007
24 each of them,                              Date of Removal: Sept. 21, 2007

25              Defendant.

26

27

28

1

**ADDITIONAL COUNSEL**

2

3      **Additional counsel for Plaintiff Barbara Saito**

4      DAVID SANFORD (BAR NO. 457933)
       dsanford@nydclaw.com
5      ANGELA CORRIDAN (BAR NO. 492978)
       SANFORD WITTELS & HEISLER LLP
6      1666 Connecticut Ave., NW, Suite 310
       Washington, D.C. 20009
7      Telephone: (202) 742-7780
       Facsimile: (202) 742-7776
8

9      Attorneys for Plaintiff
       BARBARA SAITO
10

       GRANT MORRIS (926253)
11     grantemorris@gmail.com
       LAW OFFICES OF GRANT E. MORRIS
12     1666 Connecticut Ave., NW, Suite 310
       Washington, D.C. 20009
13     Telephone: (202) 742-7783
       Facsimile: (202) 742-7776
14

15     Attorneys for Plaintiff
       BARBARA SAITO
16

17

18

19

20

21

22

23

24

25

26

27

28

1    The parties to the above-entitled action submit this Joint Case Management Statement and

2    [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order

3    in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(b).

4    **I.    JURISDICTION AND SERVICE OF PARTIES**

5    Plaintiff Barbara Saito ("Plaintiff" or "Saito") originally brought this action in the San

6    Francisco County Superior Court.  On September 21, 2007, Defendant Novartis Pharmaceuticals

7    Corporation ("Defendant" or "Novartis") timely removed this action to this Court pursuant to 28

8    U.S.C. § 1441 (diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)).  Plaintiff asserts state law

9    claims for: (1) sex discrimination (Cal. Gov't Code § 12940(a)); (2) age discrimination (Cal. Gov't

10   Code § 12940(a)); and (3) retaliation (Cal. Gov't Code § 12940(h)).  This Court may exercise

11   supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

12   This case is at issue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).  The

13   parties do not believe there are any outstanding issues relating to jurisdiction or service.

14   **II.    FACTUAL CHRONOLOGY**

15   **A.    Plaintiff's Position regarding Factual Chronology**

16   Plaintiff Dr. Barbara Saito has two advanced degrees, a PharmD and an MBA.  Plaintiff

17   began her employment with Novartis in April 1998, as a Business Relations Manager in the

18   Oncology Division after years of experience as a pharmacy director for managed health care plans.

19   Between 1998 and June, 2006, Plaintiff applied for various available positions at Novartis.  In April

20   2001 she applied for the Regional Scientific Director's position in the Oncology Division.  Novartis

21   selected a white male instead of Plaintiff.  In July 2004, Plaintiff applied for one of two Associate

22   Director of Corporate Accounts positions.  In a statement describing these positions, Novartis

23   expressed a preference for candidates who possessed advanced degrees in pharmacology.  However,

24   Plaintiff was not selected.  Rather, a male and a younger female were selected for the positions.

25   Plaintiff claims that she was the best candidate of all the candidates selected for these positions and

26   that Novartis gave her conflicting and factually inaccurate reasons explaining why she had not been

27   selected for these positions.

28

1

In February 2005, Plaintiff applied for the position of Business Relations Manager working with zoledronic acid, a compound that Plaintiff knew well and had worked on for years prior to her application.  Novartis never advised Plaintiff whether the position had been filled and what happened to her application. Instead, Plaintiff later learned that the position had been filled by a white male employee.

Given the repeated denied applications, and what she considered to be harassment perpetrated by her white male supervisor, Plaintiff filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") in July 2005.

Following the filing of her DFEH complaint, Plaintiff applied for the position of National Accounts Scientific Director.  Novartis management denied Plaintiff's application, asserting that Plaintiff lacked sufficient research experience.  Novartis management also denied that they discussed false rumors concerning whether Plaintiff was suffering from depression at meetings concerning Plaintiff's application.  Plaintiff asserts that at least one Novartis employee informed her that management had discussed Plaintiff's alleged depression at the time Plaintiff's application was being considered by management.

At the same time, Plaintiff's white male supervisor, who had previously told Plaintiff she would not be promoted, increased the frequency and intensity of his criticism of Plaintiff's performance. Plaintiff maintains that the criticism was without merit and therefore unfair.  In February 2006, Plaintiff's supervisor advised her that she would be placed on a Performance Improvement Plan, despite her satisfactory performance rating.  Her supervisor then rejected Plaintiff's request for objective performance measures to gauge her performance, to avoid being put on a PIP.

By April 2006, Plaintiff was convinced that she was going to be put on a PIP, despite satisfying or exceeding the same performance requirements that had been placed on her peers, when met with her new manager. Accordingly, on April 28, 2006, Plaintiff announced her retirement instead of facing what she considered further discriminatory disciplinary measures that would damage her professional record. On June 2, 2006, Plaintiff retired.

**B.     Defendant's Position regarding Factual Chronology**

Defendant contends that its actions with respect to Plaintiff's employment were lawful, and were not motivated in any way by unlawful discrimination or retaliation.  Defendant contends that it did not select Plaintiff for the positions she has placed at issue in this litigation due to legitimate, non-discriminatory, and non-retaliatory reasons.  Defendant also contends that it did not deny Plaintiff any training opportunities due to discriminatory or retaliatory animus.

## III.     LEGAL ISSUES IN DISPUTE

At this time, the parties believe the following to be the principal legal issues in dispute.  The parties reserve the right to modify or augment the list below.

### Gender and Age Discrimination (First and Second Causes of Action)

(a)     Whether Defendant subjected Plaintiff to an adverse employment action.

(b)     Whether a causal link exists between the protected activity and Defendant's conduct.

(c)     Whether Defendant's action occurred under circumstances suggesting a discriminatory motive on the basis of Plaintiff's gender and/or age.

(d)     Whether Defendant had a legitimate, non-discriminatory reason for its conduct.

(e)     Whether Plaintiff can establish that Defendant's articulated reason(s) for its conduct were a pretext for unlawful discrimination based on Plaintiff's gender and/or age.

### Retaliation (Third Cause of Action)

(a)     Whether Plaintiff engaged in a protected activity.

(b)     Whether Defendant subjected Plaintiff to an adverse employment action.

(c)     Whether a causal link exists between any protected activity that has been substantiated, and Defendant's conduct.

(d)     Whether Defendant had a legitimate, non-discriminatory reason for its conduct.

(e)     Whether Plaintiff can establish that Defendant's articulated reason(s) for its conduct was a pretext for unlawful discrimination/retaliation.

3

## IV.    ANTICIPATED MOTIONS

There are no prior or pending motions currently before this matter.  At this time, Defendant anticipates it may file a motion for summary judgment and motions *in limine*.  Plaintiff does not anticipate filing any motions at this time.

## V.    AMENDMENT OF PLEADINGS

At this time, Plaintiff does not anticipate amending the complaint.

## VI.    EVIDENCE PRESERVATION

### A.    Plaintiff's Position

Plaintiff has taken any and all steps to preserve evidence relevant to the issues reasonably evident in this action.

### B.    Defendant's Position

Defendant has taken steps to preserve evidence, including e-mails, relevant to the issues reasonably evident in this action, including preserving the emails of key employees implicated by Plaintiff's allegations in the complaint, and directing key employees not to destroy, discard or delete any documents or records of any sort (including work papers, calculations, personal notes, e-mails or electronically stored documents or records) that they may have that relate in any way to Plaintiff's employment with Defendant.

## VII.    DISCLOSURES

The parties will fully comply with the initial disclosure requirements of Federal Rules of Civil Procedure 26(f).  The parties have agreed, given the Christmas and New Years holidays, to exchange initial disclosures on or before January 11, 2008.

## VIII.    DISCOVERY & FRCP RULE 26(f) DISCOVERY PLAN

To date, no discovery has been taken or propounded by the parties in this matter.  Before exchange of documents, the parties have agreed to enter into a stipulated protective order based on the Court's model form.

Further details regarding discovery in this matter are set forth in the parties' separately filed Joint Report Of the Parties' FRCP Rule 26(f) Conference and Discovery Plan, a copy of which is attached hereto as Exhibit B.

IX.    **RELATED CASES**

The parties are unaware of any related cases or proceedings (as defined in Northern District Local Rule 3-12) pending before another judge of this Court, or before another court or administrative body.

X.    **RELIEF SOUGHT BY PLAINTIFF**

Plaintiff claims emotional distress and economic damages related to her claims of discrimination and retaliation. Plaintiff also seeks attorney's fees and punitive damages. Plaintiff also seeks injunctive relief requiring Defendant to implement programs designed to remedy past acts of sexual discrimination and prevention of future acts of sexual discrimination. Last, Plaintiff seeks prejudgment and post judgment interest and an award of costs of suit.

XI.    **SETTLEMENT AND ADR**

The parties have filed a Stipulation and Proposed Order pursuant to ADR L.R. 3-5 and Civil L.R. 16-8, agreeing to participate in Early Neutral Evaluation. The parties have filed ADR Certification Forms pursuant Civil L.R. 1608 and ADR L.R. 3-5. The parties have not engaged in any settlement discussions to date, and have determined such discussions are premature at this time.

XII.    **REFERENCE TO BINDING ARBITRATION, SPECIAL MASTER, OR MAGISTRATE JUDGE OR MDL PANEL**

The parties do not believe that the case should be referred to binding arbitration, a special master, or a magistrate judge.

XIII.    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff previously declined to consent to the Magistrate Judge originally assigned to this matter.

XIV.    **NARROWING OF ISSUES**

The parties have agreed that it is premature at this time to determine (a) whether there are any issues that can be narrowed by agreement or motion, or (b) whether either party wishes to bifurcate any issues, claims, or defenses in this matter.

1

## XV.    EXPEDITED SCHEDULE

2    The parties have agreed that the above-referenced matter is not the type of case that can be

3    handled on an expedited basis with streamlined procedures.

4    ## XVI.    SCHEDULING

5    The parties have agreed upon the dates set forth in the Proposed Case Schedule, attached

6    hereto as Exhibit A.

7    ## XVII.    TRIAL

8    Plaintiff demands a jury in this case. The anticipated length of trial is approximately ten to

9    fifteen court days, including selection of a jury.

10    ## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

11    On September 21, 2007, Defendant filed its Certificate of Interested Entities or Persons.  A

12    copy is attached hereto as Exhibit C.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: December 27, 2007                LINDA E. SHOSTAK
                                             MARY F. HANSBURY
2                                            MORRISON & FOERSTER LLP

3

4                                            By: _____/s/_____
                                                        Mary Ferrer Hansbury
5
                                             Attorneys for Defendant
6                                            NOVARTIS PHARMACEUTICALS
                                             CORPORATION
7

8    Dated: December 27, 2007                THOMAS MARC LITTON
                                             LITTON & GEONETTA, LLP
9
                                             DAVID SANFORD
10                                           ANGELA CORRIDAN
                                             SANFORD WITTELS & HEISLER LLP
11
                                             GRANT MORRIS
12                                           LAW OFFICES OF GRANT E. MORRIS

13

14                                           By: _____/s/_____
                                                        Thomas Marc Litton
15
                                             Attorneys for Plaintiff
16                                           BARBARA SAITO

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] CASE MANAGEMENT ORDER**

The proposed Pre-Trial Case Schedule submitted by the parties as Exhibit A to their Joint Case Management Conference Statement is hereby adopted by the Court as the Case Management Order for the above-referenced case.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**PROPOSED PRE-TRIAL CASE SCHEDULE**

| Date | Proposed Event/Deadline |
|------|-------------------------|
| January 4, 2008 | Case Management Conference (CMC), 10:30 a.m., Courtroom 7 |
| January 11, 2008 | Last Day to Serve Initial Disclosures by Both Parties |
| By April 19, 2008 | Last Day to complete Early Neutral Evaluation (ENE) |
| December 4, 2008 | Close of Fact Discovery |
| December 15, 2008 | Last Day to Serve Expert Disclosures by Both Parties |
| February 27, 2009 | Close of Expert Discovery |
| January 23, 2009 | Last Day to File Motions for Summary Judgment |
| February 27, 2009 | Last Day for Hearing on Motions for Summary Judgment |
| February 27, 2009 | Last Day to Make Pre-Trial Disclosures Set Forth in FRCP 26(a)(3) |
| March 3, 2009 | Last Day to Meet and Confer for Joint Pretrial Statement |
| March 10, 2009 | Last Day to File Joint Pretrial Statement, Trial Briefs, Motions *In Limine*, Deposition and Discovery Responses, Proposed Voir Dire Questions, Jury Instructions, Form of Verdict |
| March 16, 2009 | Last Day for Defendant To Serve (By Hand) An Offer of Judgment on the Adverse Part.  Recipient of Offer has 10 days to accept or offer deemed withdrawn. |
| March 17, 2009 | Last Day to File Objections to Motions *In Limine*, Objections to the Use of Deposition Excerpts or other Discovery Responses, Counter-Designations, Objections to Voir Dire, Proposed Findings, Verdict Forms or to the Authenticity or Admissibility of any Trial Exhibits. |
| March 24, 2009 | Pretrial Conference, 3:00 p.m., Courtroom 7 |
| March 31, 2009 | Trial |

**EXHIBIT B**

1   LINDA E. SHOSTAK (BAR NO. 64599)
    LShostak@mofo.com
2   MARY A. HANSBURY (BAR NO. 191121)
    MHansbury@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone:  415.268.7000
5   Facsimile:   415.268.7522

6   Attorneys for Defendant
    NOVARTIS PHARMACEUTICALS CORPORATION
7

8   THOMAS MARC LITTON (BAR NO. 119985)
    tmlitton@compuserve.com
9   LITTON & GEONETTA, LLP
    120 Montgomery Street, Suite 1600
10  San Francisco, CA  94104
    Telephone: 415.421.4770
11  Facsimile: 415.421.4784

12  [*see additional counsel on following page*]

13  Attorneys for Plaintiff
    BARBARA SAITO
14

15

16                      UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

19

20  BARBARA SAITO,                          Case No.    07 CV 04916 MMC

21              Plaintiff,

22       v.                                 **JOINT REPORT OF THE
                                            PARTIES' FRCP RULE 26(f)**
23                                          **CONFERENCE AND DISCOVERY
    NOVARTIS PHARMACEUTICALS                PLAN**
24  CORPORATION, DOES 1 TO 20, Inclusive and
    each of them,                           Honorable Maxine M. Chesney
25
                Defendant.                   Date Action Filed:  August 22, 2007
26                                           Date of Removal: Sept. 21, 2007

27

28

1

### ADDITIONAL COUNSEL

2

**Additional counsel for Plaintiff Barbara Saito**

3

DAVID SANFORD (BAR NO. 457933)

4

dsanford@nydclaw.com
ANGELA CORRIDAN (BAR NO. 492978)

5

SANFORD WITTELS & HEISLER LLP
1666 Connecticut Ave., NW, Suite 310

6

Washington, D.C. 20009

7

Telephone: (202) 742-7780
Facsimile: (202) 742-7776

8

Attorneys for Plaintiff

9

BARBARA SAITO

10

GRANT MORRIS (926253)
grantemorris@gmail.com

11

LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Ave., NW, Suite 310

12

Washington, D.C. 20009

13

Telephone: (202) 742-7783
Facsimile: (202) 742-7776

14

Attorneys for Plaintiff

15

BARBARA SAITO

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to FRCP 26(f)(2), Plaintiff Barbara Saito ("Plaintiff") and Defendant Novartis Pharmaceutical Corporation ("Defendant"), by and through their counsel of record, hereby submit the following Report of FRCP Rule 26(f) Conference and Discovery Plan.

## I.      RULE 26(f) CONFERENCE

On December 13, 2007, Mary Hansbury (counsel for Defendant Novartis Pharmaceutical Corporation) and Marc Litton (counsel for Plaintiff Barbara Saito) participated in an FRCP Rule 26(f) conference by phone.  During the conference, counsel for the parties discussed the subjects set forth in the Court's Standing Order regarding the Contents of Joint Case Management Conference Statement and preparation of the parties' Joint Case Management Conference Statement.

## II.     INITIAL DISCLOSURES

The parties have stipulated and agreed that they will complete the initial disclosures required by FRCP Rule 26(a)(1) on or before January 11, 2008.

## III.    DISCOVERY PLAN

Pursuant to FRCP Rule 26(f)(3), the parties jointly propose to the Court the following discovery plan:

### A.      Protective Order

Before exchange of any documents, the parties have agreed to enter into a stipulated protective order based on the Court's model form.

### B.      Subjects of Discovery

The parties will need to conduct discovery regarding the following subjects:

- Plaintiff's allegation that she applied for and was denied several positions at Novartis Pharmaceutical Corporation because of her gender and/or age.

- Plaintiff's allegation that she was denied training opportunities at Novartis Pharmaceutical Corporation because of her gender and/or age.

- Plaintiff's allegation that was subjected to harassment, disparate terms and conditions of employment, and discriminatory disciplinary procedures because of her gender and/or age and/or complaints about discrimination.

- Plaintiff's allegation that she complained about discrimination and that Defendant retaliated against her for doing so.
- Plaintiff's allegation that Defendant intentionally engaged in discriminatory practices.
- Plaintiff's allegation that Defendant failed to take all reasonable steps necessary to protect Plaintiff from discrimination.
- Whether Plaintiff suffered any economic or other injury as a result of the unlawful conduct of Defendant.
- Whether Plaintiff has mitigated her damages.
- Plaintiff will seek information about the qualifications and earnings of employees selected for the positions denied to Plaintiff and other comparative information evidencing disparate treatment and/ or retaliation.
- Should Plaintiff establish a basis for punitive damages, Plaintiff will also seek financial information concerning Defendant.

The parties reserve the right to supplement or modify these categories.

## C.    Discovery of Electronically Stored Information

Before any depositions are taken, the parties have agreed to work together to gather an electronic database of emails pertinent to Plaintiff's allegations ("Electronic Data").  To that end, in early January 2008, the parties will meet and confer regarding: (1)  the list of custodians whose emails should be included in the data collection; (2) the relevant time periods to be collected for each such custodian; and (3) a list of key words to use to filter the data.  Once the parties have agreed on these items, the Electronic Data will be processed and reviewed by Defendant's counsel for relevancy and privilege, and then produced to Plaintiff's counsel.  The parties have agreed to produce e-mails and any electronically stored information on a CD in pdf form.

Given the anticipated volume of custodians pertinent to Plaintiff's allegations, and the cost of collecting and filtering the corresponding volume of Electronic Data, the parties are currently discussing the possibility of sharing the cost of the Electronic Data collection/production.

**D.    Depositions and Third-Party Discovery**

After the Electronic Data has been produced, Defendant will take Plaintiff's deposition at a mutually agreed upon date.  The parties have agreed to extend the maximum duration of Plaintiff's deposition beyond one day of seven hours as permitted by F.R.C.P. 30(d)(2).  Defendant may also take other depositions.

Upon review of documents produced by Defendant (including the Electronic Data), Plaintiff intends to take the depositions of some of Defendant's managers/employees, after Defendant has taken the deposition of Plaintiff.  Plaintiff may also subpoena third parties records and witnesses.

In addition, Defendant anticipates issuing third-party subpoenas for production of business records from Plaintiff's current employer, and production of medical records from any physicians from whom Plaintiff has received treatment for the continuing emotional and physical distress alleged in Plaintiff's complaint.  Plaintiff may also subpoena third parties records and witnesses.

**E.    Anticipated Privilege/Work Product Issues**

At this time, the parties are unaware of any privilege or work product issues with respect to discovery.  The parties reserve the right to supplement or modify this section.

**F.    Potential Discovery Disputes**

At this time, the parties are unaware of any potential discovery disputes.  The parties reserve the right to supplement or modify this section.

*[remainder of page intentionally left blank]*

JOINT REPORT OF THE PARTIES' FRCP RULE 26(F) CONFERENCE AND DISCOVERY PLAN
CASE NO. C-05-4979-MMC

IV.     PROPOSED SCHEDULING ORDER

        The parties have agreed to the proposed pre-trial schedule attached as Exhibit A to the parties'

Joint Case Management Conference statement.


Dated: December 27, 2007                LINDA E. SHOSTAK
                                        MARY F. HANSBURY
                                        MORRISON & FOERSTER LLP


                                        By: _____/s/_____
                                                     Mary Ferrer Hansbury

                                        Attorneys for Defendant
                                        NOVARTIS PHARMACEUTICALS
                                        CORPORATION

Dated: December 27, 2007                THOMAS MARC LITTON
                                        LITTON & GEONETTA, LLP

                                        DAVID SANFORD
                                        ANGELA CORRIDAN
                                        SANFORD WITTELS & HEISLER LLP

                                        GRANT MORRIS
                                        LAW OFFICES OF GRANT E. MORRIS


                                        By: _____/s/_____
                                                     Thomas Marc Litton

                                        Attorneys for Plaintiff
                                        BARBARA SAITO

**EXHIBIT C**

ROBERT A. NAEVE (BAR NO. 106095)
RNaeve@mofo.com
STEVEN M. ZADRAVECZ (BAR NO. 185676)
SZadravecz@mofo.com
MORRISON & FOERSTER LLP
19900 MacArthur Boulevard, Suite 1200
Irvine, California  92612-2445
Telephone:  (949) 251-7500
Facsimile:  (949) 251-0900

LINDA E. SHOSTAK (BAR NO. 64599)
LShostak@mofo.com
MARY A. HANSBURY (BAR NO. 191121)
MHansbury@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
NOVARTIS PHARMACEUTICALS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA SAITO,<br><br>        Plaintiff,<br><br>   v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, DOES 1 TO 20, Inclusive and each of them,<br><br>        Defendant. | Case No. _____<br><br>**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS (N.D. L.R. 3-16)** |

oc-333286

## Certification Pursuant to Civil Local Rule 3-16

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    Novartis Finance Corporation, a New York corporation;

2.    Novartis Corporation, a New York corporation;

3.    Novartis Holding, AG, a Swiss company; and

4.    Novartis AG, a Swiss company and publicly held corporation whose American Depository Shares are traded on the New York Stock Exchange.

Dated: September 21, 2007

ROBERT A. NAEVE
LINDA E. SHOSTAK
STEVEN M. ZADRAVECZ
MARY F. HANSBURY
MORRISON & FOERSTER LLP

By:    *Robert A. Naeve /MFH*
Robert A. Naeve

Attorneys for Defendant
NOVARTIS PHARMACEUTICALS
CORPORATION

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

oc-333286