1  LINDA E. SHOSTAK (BAR NO. 64599)
   LShostak@mofo.com
2  MARY A. HANSBURY (BAR NO. 191121)
   MHansbury@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   NOVARTIS PHARMACEUTICALS CORPORATION
7

8  THOMAS MARC LITTON (BAR NO. 119985)
   tmlitton@compuserve.com
9  LITTON & GEONETTA, LLP
   120 Montgomery Street, Suite 1600
10 San Francisco, CA 94104
   Telephone: 415.421.4770
11 Facsimile: 415.421.4784

12 [*see additional counsel on following page*]

13 Attorneys for Plaintiff
   BARBARA SAITO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| BARBARA SAITO,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, DOES 1 TO 20, Inclusive and each of them,<br><br>    Defendant. | Case No.   07 CV 04916 MMC<br><br>**JOINT REPORT OF THE PARTIES' FRCP RULE 26(f) CONFERENCE AND DISCOVERY PLAN**<br><br>Honorable Maxine M. Chesney<br><br>Date Action Filed: August 22, 2007<br>Date of Removal: Sept. 21, 2007 |
|---|---|

**ADDITIONAL COUNSEL**

**Additional counsel for Plaintiff Barbara Saito**

DAVID SANFORD (BAR NO. 457933)
dsanford@nydclaw.com
ANGELA CORRIDAN (BAR NO. 492978)
SANFORD WITTELS & HEISLER LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Attorneys for Plaintiff
BARBARA SAITO

GRANT MORRIS (926253)
grantemorris@gmail.com
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Attorneys for Plaintiff
BARBARA SAITO

1  Pursuant to FRCP 26(f)(2), Plaintiff Barbara Saito ("Plaintiff") and Defendant Novartis
2  Pharmaceutical Corporation ("Defendant"), by and through their counsel of record, hereby submit the
3  following Report of FRCP Rule 26(f) Conference and Discovery Plan.

### I. RULE 26(f) CONFERENCE

On December 13, 2007, Mary Hansbury (counsel for Defendant Novartis Pharmaceutical Corporation) and Marc Litton (counsel for Plaintiff Barbara Saito) participated in an FRCP Rule 26(f) conference by phone. During the conference, counsel for the parties discussed the subjects set forth in the Court's Standing Order regarding the Contents of Joint Case Management Conference Statement and preparation of the parties' Joint Case Management Conference Statement.

### II. INITIAL DISCLOSURES

The parties have stipulated and agreed that they will complete the initial disclosures required by FRCP Rule 26(a)(1) on or before January 11, 2008.

### III. DISCOVERY PLAN

Pursuant to FRCP Rule 26(f)(3), the parties jointly propose to the Court the following discovery plan:

#### A. Protective Order

Before exchange of any documents, the parties have agreed to enter into a stipulated protective order based on the Court's model form.

#### B. Subjects of Discovery

The parties will need to conduct discovery regarding the following subjects:

- Plaintiff's allegation that she applied for and was denied several positions at Novartis Pharmaceutical Corporation because of her gender and/or age.
- Plaintiff's allegation that she was denied training opportunities at Novartis Pharmaceutical Corporation because of her gender and/or age.
- Plaintiff's allegation that was subjected to harassment, disparate terms and conditions of employment, and discriminatory disciplinary procedures because of her gender and/or age and/or complaints about discrimination.

1

- Plaintiff's allegation that she complained about discrimination and that Defendant retaliated against her for doing so.
- Plaintiff's allegation that Defendant intentionally engaged in discriminatory practices.
- Plaintiff's allegation that Defendant failed to take all reasonable steps necessary to protect Plaintiff from discrimination.
- Whether Plaintiff suffered any economic or other injury as a result of the unlawful conduct of Defendant.
- Whether Plaintiff has mitigated her damages.
- Plaintiff will seek information about the qualifications and earnings of employees selected for the positions denied to Plaintiff and other comparative information evidencing disparate treatment and/ or retaliation.
- Should Plaintiff establish a basis for punitive damages, Plaintiff will also seek financial information concerning Defendant.

The parties reserve the right to supplement or modify these categories.

### C. Discovery of Electronically Stored Information

Before any depositions are taken, the parties have agreed to work together to gather an electronic database of emails pertinent to Plaintiff's allegations ("Electronic Data"). To that end, in early January 2008, the parties will meet and confer regarding: (1) the list of custodians whose emails should be included in the data collection; (2) the relevant time periods to be collected for each such custodian; and (3) a list of key words to use to filter the data. Once the parties have agreed on these items, the Electronic Data will be processed and reviewed by Defendant's counsel for relevancy and privilege, and then produced to Plaintiff's counsel. The parties have agreed to produce e-mails and any electronically stored information on a CD in pdf form.

Given the anticipated volume of custodians pertinent to Plaintiff's allegations, and the cost of collecting and filtering the corresponding volume of Electronic Data, the parties are currently discussing the possibility of sharing the cost of the Electronic Data collection/production.

### D.  Depositions and Third-Party Discovery

After the Electronic Data has been produced, Defendant will take Plaintiff's deposition at a mutually agreed upon date. The parties have agreed to extend the maximum duration of Plaintiff's deposition beyond one day of seven hours as permitted by F.R.C.P. 30(d)(2). Defendant may also take other depositions.

Upon review of documents produced by Defendant (including the Electronic Data), Plaintiff intends to take the depositions of some of Defendant's managers/employees, after Defendant has taken the deposition of Plaintiff. Plaintiff may also subpoena third parties records and witnesses.

In addition, Defendant anticipates issuing third-party subpoenas for production of business records from Plaintiff's current employer, and production of medical records from any physicians from whom Plaintiff has received treatment for the continuing emotional and physical distress alleged in Plaintiff's complaint. Plaintiff may also subpoena third parties records and witnesses.

### E.  Anticipated Privilege/Work Product Issues

At this time, the parties are unaware of any privilege or work product issues with respect to discovery. The parties reserve the right to supplement or modify this section.

### F.  Potential Discovery Disputes

At this time, the parties are unaware of any potential discovery disputes. The parties reserve the right to supplement or modify this section.

[*remainder of page intentionally left blank*]

3
JOINT REPORT OF THE PARTIES' FRCP RULE 26(F) CONFERENCE AND DISCOVERY PLAN
CASE NO. C-05-4979-MMC

### IV.  PROPOSED SCHEDULING ORDER

The parties have agreed to the proposed pre-trial schedule attached as Exhibit A to the parties' Joint Case Management Conference statement.

Dated: December 27, 2007

LINDA E. SHOSTAK
MARY F. HANSBURY
MORRISON & FOERSTER LLP


By:  _____/s/_____
             Mary Ferrer Hansbury

Attorneys for Defendant
NOVARTIS PHARMACEUTICALS CORPORATION

Dated: December 27, 2007

THOMAS MARC LITTON
LITTON & GEONETTA, LLP

DAVID SANFORD
ANGELA CORRIDAN
SANFORD WITTELS & HEISLER LLP

GRANT MORRIS
LAW OFFICES OF GRANT E. MORRIS


By:  _____/s/_____
             Thomas Marc Litton

Attorneys for Plaintiff
BARBARA SAITO